UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-00503 |
| | § | |
| JAMES BRUCE PYRON JR | § | |

## ORDER ON MOTION TO SUPPRESS

Before the Court is "Defendant's Motion to Suppress a Confession or Admission Illegally Obtained" (D.E. 16). For the reasons set out below, the Motion is DENIED.

Agent Herrera was the only witness to testify at the suppression hearing and so his testimony is uncontroverted. Defendant James Bruce Pyron, Jr. was charged with possession with intent to distribute more than 100 kilograms of marihuana when the controlled substance was found in a shipment of cucumbers he was hauling in a tractor-trailer through the Falfurrias, Texas Border Patrol checkpoint. At the time he was arrested by the Border Patrol agent, Defendant indicated either that he wished to remain silent or that he wanted a lawyer.

While the Border Patrol agent was not entirely sure which right the Defendant had invoked, Corpus Christi Police Officer and Drug Enforcement Administration (DEA) Task Force member, Agent Ira Herrera, treated Defendant as having requested an attorney. Because the Defendant requested an attorney, Agent Herrera was not permitted to initiate any interrogation about the crime before Defendant was supplied with a defense attorney. *Edwards v. Arizona*, 451

U.S. 477, 484 (1981).

Agent Herrera first met Defendant at the checkpoint when he looked in the window of the door to the holding cell to see if Defendant was inside. Defendant, seeing Agent Herrera approach, asked him if he was with DEA. When Agent Herrera said he was, Defendant said, "Good." Because Agent Herrera had experienced a recent escape attempt at the checkpoint, he put the Defendant in a belly chain before taking him out of the holding cell. Agent Herrera apologized as he did so, saying, "You are paying for the sins of others." Defendant said, "I know, that's why I want to talk to you." Agent Herrera stopped the Defendant and explained that he was referring only to the fact that he had to put Defendant in the belly chain. No crime-related information was exchanged at that time.

Agent Herrera then took Defendant to his mobile office to obtain biographical information, which is a permissible exercise even when a defendant has invoked his right to an attorney. *Pennsylvania v Muniz*, 496 U.S. 582, 601 (1990); *United States v. Menichino*, 497 F.2d 935, 941 (5th Cir. 1974). When Agent Herrera asked Defendant who his employer was, Defendant responded that that was what he wanted to talk with Agent Herrera about. Again, Agent Herrera stopped Defendant and asked him to wait and to simply provide the biographical information he needed to fill out his forms at that time.

When the biographical information was completed, Agent Herrera read Defendant his Miranda rights and had him initial a form to evidence that the Defendant had received and understood those rights. Among them were the right

to remain silent and the right to an attorney. Government's Exhibit 1. Agent Herrera took the additional step of discussing with Defendant the fact that he understood that Defendant had previously asked for an attorney and that he could not talk with Defendant unless Defendant specifically wanted to waive his previous request for an attorney. He asked Defendant if he was waiving that prior request and Defendant indicated that he was. While Agent Herrera attempted to document this second step in writing, he did not have his usual form with him. He found a form in the file cabinet that he thought applied and had Defendant sign it. Later he realized that the form was not designed for his intended purpose.

It was only after Defendant signed off waiving his Miranda rights and only after Defendant further orally waived his specific right to an attorney and to remain silent and attempted to confirm those waivers in writing—all in the presence of Agent Herrera—did Defendant make a statement regarding elements of the crime with which he is charged. Applying the totality of the circumstances test as required by *Oregon v. Bradshaw*, 462 U.S. 1039, 1045-46 (1983), the Court FINDS: (1) that the Defendant voluntarily demonstrated a desire to discuss, and did initiate communication about, the elements of the crime with which he is charged with Agent Herrera without any improper interrogation or inducement on the part of the Government; and (2) that Defendant waived his Miranda rights and, specifically waived his right to an attorney and to remain silent after previously invoking those rights but before communicating about the alleged crime.

For these reasons, the Motion to Suppress (D.E. 16) is DENIED.

ORDERED this 25th day of July, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE